# UNITED STATES DISTRICT COURT
## for the DISTRICT of COLUMBIA

**FILED**
JAN 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Billy G. Asemani, Pro Se
D.O.C. No.: 339096
North Branch Corr. Inst.
Housing Unit: 7C-2B
14100 McMullen Hwy, SW
Cumberland, MD 21502

Case: 1:08-cv-00101
Assigned To : Unassigned
Assign. Date : 1/18/2008
Description: Habeas Corpus/2255

v.

Michael B. Mukasey,
The Attorney General of the U.S.A.,
   and
Michael Chertoff,
The Secretary of the Department of Homeland Security

---

PETITION FOR WRIT OF HABEAS CORPUS

(Pursuant to 28 U.S.C. § 2241)

**RECEIVED**
DEC 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

1

On September 27, 2007, the Respondents lodged an immigration detainer against Pro Se Petitioner Billy G. Asemani ("Asemani"); see Exhibit A.

Said detainer reads, in part:

> "Investigation has been initiated to determine whether this person is subject to removal from the United States."

Only "aliens" are removable from the U.S. 8 U.S.C.A. § 1101 provides:

> "The term 'ALIEN' means any person not a citizen or NATIONAL of the United States."
> (Emphasis supplied.)

This Court has already concluded that Asemani is not an alien:

> "Asemani has demonstrated his permanent allegiance to the United States sufficient to constitute him a 'national [.]'" n.1

___

n.1 : Asemani v. Iran, et al., See Exhibit B. 266 F.Supp.2d 24 (D.D.C. 2003).

-2-

Under traditional standards, venue, in this jurisdiction, is proper because both Respondents reside (and their agencies function) in the District of Columbia; see 28 U.S.C. § 1391 (e)(1).

The U.S. Supreme Court, in <u>Rumsfeld v. Padilla</u> (542 U.S. 426 (2004)), noted that it was a far from settled fact whether the U.S. Attorney General is, individually, the proper respondent in immigration-related habeas petitions; see also <u>Ali v. Gonzales</u>, 421 F.3d 795 (8th Cir. 2005) (Atty. Gen. is the proper respondent.)

Asemani is, currently, <u>not</u> in the Respondents' custody; however:

"The fact that [defendant] seeks relief from future detention does not bar habeas review." <u>Thompson v. Missouri</u>, 929 F.2d 396 (8th Cir. '91).

<u>RELIEF SOUGHT</u>:

The central question here is whether the Atty. Gen. is the proper respondent. If so, this action belongs in this Court. If not, Asemani is entitled to a ruling on that question so he can present it to the Court of Appeals. Furthermore, because Asemani can not possibly, or permissibly, be removed from a country (the U.S.) which considers him "one of its own" as a national, Asemani respectfully moves the Honorable Court to render the detainer (Ex. A) invalid.

-3-

Respectfully submitted,
Billy G. Asemani  11/19/07

**Department of Homeland Security**
**Immigration and Customs Enforcement**

## Immigration Detainer- Notice of Action

| | |
|---|---|
| File No. | A29 973 952 |
| Date: | September 27, 2007 |

Booking # 339 096

To:
MCI-North Branch
Maryland Department of Corrections
US Marshals Service
OR Any Subsequent Law Enforcement Agency

From:
Immigration and Customs Enforcement
Detention and Removal Office
550 Main St. Suite 4-001
Cincinnati, OH 45202

Name of alien: ASEMANI, ~~Ghafour~~

Iran                M

Date of birth: 11/23/1967

**You are advised the action noted below has been taken by the Immigration and Naturalization Service concerning the above named inmate of your institution:**

[X] Investigation has been initiated to determine whether this person is subject to removal from the United States.

[ ] A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____
    (Date)

[ ] A Warrant of arrest in removal proceedings, a copy of which is attached, was served on _____
    (Date)

[ ] Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

[X] Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling 410-962-2037 during business hours or 410-962-7430 after hours in an emergency.

[X] Please complete and sign the bottom block of the duplicate of this form and return it to this office. [ ] A self-addressed stamped envelope is enclosed for your convenience. [X] Please return a signed copy via facsimile to 410-962-7430
(Area code and telephone number)

Return fax to the attention of Joseph P. Laws at 513-684-2930 xt4791
(Name of INS Office handling case)  (Area code and telephone number)

[X] Notify this office of the time of release at least 30 days prior to the release or as far in advance as possible.

[X] Notify this office in the event of the inmate's death or transfer to another institution.

[ ] Please cancel the detainer previously placed by this Service on _____ Unknown
    (Date)

_Joseph P. Laws_
(Signature of INS official)

Deportation Officer
(Title of INS official)

Receipt acknowledged:
Date of latest conviction: 10/19/06   Latest conviction charge: 2nd degree murder
Estimated release date: 6/26/2030 as of 7/31/07
Signature and title of official: Susie Cunningham
Commitment Records Specialist Lead

**FILED**
JAN 18 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

08 0101

Ghafour ASEMANI, Plaintiff,

v.

The ISLAMIC REPUBLIC OF IRAN, et al., Defendants.

No. CIV.A.01-2231 JDB EC.

United States District Court, District of Columbia.

April 23, 2003.

Petitioner filed an action against the Islamic Republic of Iran, the Ayatollah Khamenei, and several agencies of Iran under the Foreign Sovereign Immunities Act (FSIA), alleging he was tortured and falsely detained by defendants because of his adherence to the Baha'i faith. The complaint was dismissed for failing to show that foreign state had a reasonable opportunity to arbitrate the claim. Petitioner appealed and filed a motion for relief from judgment. The Court of Appeals, 2002 WL 31189802, held the appeal in abeyance pending action on petitioner's motion, and remanded the action for consideration of petitioner's request for judicial declaration of his nationality. On remand, the District Court, Bates J., held that petitioner sufficiently demonstrated his permanent allegiance to the United States to qualify as a national under the FSIA.

Issuance of summonses ordered.

International Law ⚖10.31

Petitioner sufficiently demonstrated permanent allegiance to the United States to qualify as a national under the Foreign Sovereign Immunities Act (FSIA); petitioner had filed notice that he intended to apply for United States citizenship, an application for citizenship that was denied as premature and that he continued to pursue with an Immigration and Naturalization officer, and an oath of allegiance to the United States. Immigration and Nationality Act, § 101(a)(22), 8 U.S.C.A. § 1101(a)(22); 28 U.S.C.A. § 1605(a)(7)(B)(ii).

---

Ghafour Asemani, Jackson, MS, Plaintiff pro se.

*MEMORANDUM AND ORDER*

BATES, District Judge.

Plaintiff has filed a complaint against the Islamic Republic of Iran, the Ayatollah Khamenei, and several agencies of the Government of Iran, alleging that he was tortured and falsely detained by defendants on July 14, 2000, because of his adherence to the Baha'i faith. His claim is based on the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 et seq., which authorizes certain actions against a foreign state in the courts of the United States, including an action "in which money damages are sought against a foreign state for personal injury ... that was caused by an act of torture ... if such act ... is engaged in by an official, employee, or agent of such foreign state while acting within the scope of" employment. 28 U.S.C. § 1605(a)(7).[1]

On initial review, plaintiff's complaint was dismissed because it did not show that he had "afforded the foreign state a rea-

---

1. Section 1605(a)(7) also requires that the foreign state has been designated as a state sponsor of terrorism. Iran has received such a designation. See, e.g., Jenco v. Islamic Republic of Iran, 154 F.Supp.2d 27 (D.D.C. 2001); Elahi v. Islamic Republic of Iran, 124 F.Supp.2d 97 (D.D.C.2000); Cicippio v. Islamic Republic of Iran, 18 F.Supp.2d 62, 68 (D.D.C.1998).

08 0101
FILED
JAN 18 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ASEMANI v. ISLAMIC REPUBLIC OF IRAN  25
Cite as 266 F.Supp.2d 24 (D.D.C. 2003)

sonable opportunity to arbitrate the claim" as required by Section 1605(a)(7)(B)(i). *See Daliberti v. Republic of Iraq*, 97 F.Supp.2d 38, 42, 44 (D.D.C.2000). Plaintiff filed both an appeal (Dkt. # 7) and a motion for relief from the dismissal (Dkt. # 10). With his post-judgment motion, plaintiff submitted a copy of an arbitration offer that he had sent by certified mail to the Interests Section of the Islamic Republic of Iran. The Court of Appeals held the appeal in abeyance pending action by this Court on his motion for relief from judgment. Because plaintiff had provided evidence that he had offered the foreign state a reasonable opportunity to arbitrate his claim,[2] this Court granted his motion for relief from judgment. Thereafter, the Court of Appeals remanded the case to this Court

> for further proceedings on [plaintiff's] complaint, including his contentions that he was a "national of the United States" at the time he suffered the injuries of which he complains. *see* 28 U.S.C. § 1605(a)(7)(B)(ii), and that he was a victim of "torture" for purposes of the Foreign Sovereign Immunities Act ("FSIA"), *see id.* § 1605(a)(7).

Court of Appeals Order dated October 2, 2002 (Dkt. # 12). Because plaintiff had filed in the Court of Appeals a petition for a judicial declaration of nationality under 8 U.S.C. § 1503(a), the Court of Appeals further ordered

> that [plaintiff's] petition for a judicial declaration of nationality under 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201 be referred to the district court for consideration. If, as a condition of his FSIA "torture" action, [plaintiff] prevails on his claim that he was a "national of the United States" under 28 U.S.C. § 1605(a)(7)(B)(ii), it is unclear whether it will be necessary for the district court to decide questions that might arguably be posed under 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201. In any event, it is clear that the petition for a judicial declaration of nationality is not now properly before this court, because the district court has yet to consider whether it has jurisdiction to entertain such claim under 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201, and, if so, whether such a claim is meritorious.

*Id.* This matter has now been assigned to the undersigned judge of this Court.

Suit under the "torture" provision of the FSIA is available only when the victim was a "national of the United States (as that term is defined in section 101(a)(22) of the Immigration and Nationality Act) when the act upon which the claim is based occurred." 28 U.S.C. § 1605(a)(7)(B)(ii). Section 101(a)(22) of the Immigration and Nationality Act, now codified at 8 U.S.C. § 1101(a)(22), provides that "[t]he term 'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." Plaintiff, who was born in Iran of Iranian parents, is not a citizen of the United States. He asserts, however, that he is a "national" of the United States who "owes permanent allegiance to the United States," and that this status existed in July 2000, when he incurred the alleged injuries.

Plaintiff's pleadings and supporting documents show that he came to the United States on a student visa in 1984. He graduated from high school, college, and dental school in the United States, and registered for the Selective Service in 1991. In 1991 he married Salmira Salmas-

---

2. Exhibits 4—7 to the motion for relief from judgment show that plaintiff's arbitration offer was received by the Interests Section on October 1, 2001.

si, an Iranian-born woman who became a United States citizen in 1996; they have four children. Plaintiff became a permanent resident in 1994. Attached to his petition for declaration of nationality (Dkt.# 13) are the following documents:

— Application to File Declaration of Intention to become a citizen, dated April 26, 1996 (Exhibit 4)

— Application for Naturalization dated August 20, 1997 (Exhibit 7)[3]

— Documents from 1999 indicating that his application for citizenship had been reopened (Exhibits 16, 17).

— Updated application dated August 28, 1999 (Exhibit 19).

With his Supplemental Brief in support of his petition for a judicial declaration of nationality (Dkt.# 20), plaintiff provided the following additional documents:

— Certificate Preparation Sheet and Oath Declaration, signed September 21, 1998, in which plaintiff renounces all allegiance and fidelity to any state of which he has previously been a subject, and vows to "support and defend the Constitution and the laws of the United States of America against all enemies, foreign and domestic" and that he "will bear true faith and allegiance to the same." (Exhibit IV).

— Notice to appear for an N-400 Citizenship Examination on July 14, 1999 and a copy of his 1997 application for citizenship with notes apparently made by the Immigration and Naturalization Service examiner at the July 1999 interview (Exhibits VII, VIII).

The designation "national" originally was limited to residents of territories of the United States, such as persons born in the Philippines before that country obtained independence. See, e.g., *Scholz v. Shaughnessy*, 180 F.2d 450 (2d Cir.1950); *Yuen v. Internal Revenue Service*, 497 F.Supp. 1023 (S.D.N.Y.1980); *Cabebe v. Acheson*, 84 F.Supp. 639 (D.Hawai'i 1949). Lengthy residence in the United States and marriage to a citizen would not render a person a "national" under these earlier decisions. Recent cases, however, suggest that a person may become a "national" of the United States by applying for citizenship. See, e.g., *Hughes v. Ashcroft*, 255 F.3d 752 (9th Cir.2001); *United States v. Morin*, 80 F.3d 124, 126 (4th Cir.1996); *Oliver v. United States Dep't of Justice*, 517 F.2d 426 (2d Cir.1975); *Carreon-Hernandez v. Levi*, 409 F.Supp. 1208 (D.Minn. 1976), aff'd, 543 F.2d 637 (8th Cir.1976), cert. denied sub nom. *Hernandez v. Bell*, 430 U.S. 957, 97 S.Ct. 1605, 51 L.Ed.2d 808 (1977). In *Oliver*, the Court of Appeals for the Second Circuit concluded that the plaintiff was not a "national of the United States" because she had not begun the process of naturalization and thus was assumed still to owe allegiance to Canada. See 517 F.2d at 427-28. Similar results were reached in *Carreon-Hernandez v. Levi* and *Hughes v. Ashcroft*. As the Court of Appeals for the Fourth Circuit said in *Morin*, an application for citizenship is "the most compelling evidence of permanent allegiance to the United States short of citizenship itself." See 80 F.3d at 126; see also *Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59 (D.D.C.2002).

The documents submitted by plaintiff establish that in 1996 he filed a notice that

---

3. This application was denied because, although plaintiff was married to a United States citizen and was a permanent resident, his wife had only become a citizen nine months earlier, on November 23, 1996, whereas the statute under which he applied for citizenship required that the spouse have been a citizen for three years. In addition, plaintiff had not been admitted for permanent residence for the required five years. He was, therefore, ineligible to apply for citizenship at that time. (Exhibit 12.)

he intended to apply for United States citizenship, that he filed the application for citizenship in 1997, that his application was denied at that time as premature, and that in 1998 he filed an oath of allegiance to the United States. He pursued his application for citizenship through an interview with an Immigration and Naturalization officer in July 1999. Under the current interpretation of the term "national," plaintiff has demonstrated his permanent allegiance to the United States sufficient to constitute him a "national" within the meaning of the FSIA. *See* 28 U.S.C. § 1605(a)(7)(B)(ii). That is all that this Court must decide at this time for purposes of the current case.

Accordingly, it is by the Court this 23rd day of April, 2003, hereby

ORDERED that plaintiff has demonstrated that he was a "national" of the United States within the meaning of 28 U.S.C. § 1605(a)(7)(B)(ii) in July 2000 and therefore is authorized to pursue this claim under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* It is

FURTHER ORDERED that plaintiff's motion for a judicial declaration of nationality [Dkt. # 13] is DENIED without prejudice. It is

FURTHER ORDERED that plaintiff's motion to expedite rulings [Dkt. # 19] is DENIED as moot. It is

FURTHER ORDERED that summonses shall issue for the defendants pursuant to Rule 4(j) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1608.

