FILED
JAN 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Billy G. Asemani, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08 0101 |
| Michael B. Mukasey *et al.*, | ) |
| Respondents. | ) |

TRANSFER ORDER

Petitioner is a Maryland state prisoner confined in Cumberland, Maryland. He petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. The proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian, *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2720 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998), even when, as indicated here, an immigration detainer is at issue. *See, e.g., LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (district court lacked subject matter jurisdiction over declaratory judgment action challenging federal extradition statute where *habeas corpus* remedy was available in the location of the custodian).

"[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *accord Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) ("jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located.") (internal citations and quotation marks omitted). Petitioner's custodian is not within this Court's territorial jurisdiction. The

Court finds it in the interests of justice and judicial economy to transfer the case. Accordingly, it is this 9th day of January 2008,

ORDERED that this case is TRANSFERRED to the United States District Court for the District of Maryland. The Clerk of this Court shall file and docket the petition. Whether petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

/s/
United States District Judge